UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Joshua Cola,<br><br>Defendant. | Case No. 2:20-cr-00295-JCM-EJY<br><br>**Order re ECF No. 100** |

This matter is before the Court on revocation proceedings. The issue is whether Defendant Joshua Cola, who has been arrested (and detained) on a separate criminal charge, has a right to a preliminary hearing so that the Court can determine whether there is probable cause that Mr. Cola violated his conditions of supervised release as alleged at ECF No. [90]. The Government filed a Motion to Vacate Preliminary Hearing (ECF No. 100), and Mr. Cola opposed (ECF No. 102).

Fed. R. Crim. P. 32.1 provides that a person facing revocation proceedings is entitled to receive three separate hearings: (1) an initial appearance, (2) a preliminary hearing, and (3) a revocation hearing. *See also Gagnon v. Scarpelli,* 411 U.S. 778, 782 (1973) ("[W]e hold that a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing, under the conditions specified in *Morrissey v. Brewer*, 408 U.S. 471 (1972) . . . ."). But "Rule 32.1's preliminary-hearing provisions are inapplicable when a revocation proceeding is initiated against a defendant who is already in custody on separate criminal charges . . . ." *United States v. Vasquez-Perez*, 742 F.3d 896, 899 (9th Cir. 2014).

Here, because Mr. Cola has been detained on another matter (2:22-cr-00263-JCM-NJK), there is no immediate deprivation of liberty as a result of revocation proceedings, and the Rule 32.1(b)(1)(A) requirement for a preliminary hearing does not apply. *Vasquez-Perez*, 742 F.3d at 899; *see also United States v. Flores-Perez*, No. 07CR1477-L, 2010 WL 1328580, at \*2 (S.D. Cal. Apr. 1, 2010) ("[I]t is well settled law in the Ninth Circuit that a probationer is not entitled to a

preliminary hearing when he is already in custody at the time of revocation proceedings for a crime committed while he was under supervision.").

The Court understands Mr. Cola's position to be that a preliminary hearing is not required *only* where the defendant has been *convicted* or *sentenced* in another matter or where such a conviction was imminent. ECF No. 102 at 5–7. Mr. Cola is correct in asserting that there is no need for a preliminary hearing for a parole or probation violation where an individual has been convicted of a subsequent offense because there is no immediate deprivation of liberty. *Moody v. Daggett*, 429 U.S. 78, 86 (1976). However, he is incorrect in limiting this reasoning to only those instances where a conviction or sentencing has taken place. This is because the Ninth Circuit has held that where, as here, a preliminary hearing for a parole or probation violation is unnecessary if he is being detained on separate charges because there is no immediate deprivation of liberty. *See United States v. Diaz-Burgos,* 601 F.2d 983, 984–85 (9th Cir. 1979) (per curiam) (no preliminary probable cause hearing required when, at time of revocation proceeding, defendant was already in custody because of another prosecution).

**IT IS THEREFORE ORDERED** that the Government's Motion to Vacate Preliminary Hearing (ECF No. 100) is GRANTED.

**IT IS FURTHER ORDERED** that the preliminary hearing set for December 6, 2022 is VACATED.

DATED: December 6, 2022.

                                          BRENDA WEKSLER
                                          UNITED STATES MAGISTRATE JUDGE

2